20-2142 from the District of North Dakota, Spirit Lake Tribe et al. v. Alvin Jaeger. Very well, Mr. Nikolai, we'll hear from you first. Good morning, your honors. Jim Nikolai appearing on behalf of Secretary Jaeger in this case. The question in this case is relatively straightforward in the Secretary's view, and that's whether Rule 54 of the Federal Rules of Civil Procedure means what it says when it says that the mandatory 14-day deadline for requesting fees is triggered by any order from which an appeal lies. The court may disagree, but I think the just highlight a few points made in the briefing and then focus on answering any questions the court may have that any of the members of the panel feel that were not adequately addressed by the briefing. The first highlighted point is the plain and unambiguous language of Rule 54 itself. It provides that the word judgment includes any order from which an appeal lies and further provides that motions for fees must be filed no later than 14 days after the entry of such a judgment. There's no dispute that under 28 U.S.C. 1292 A.1, an order granting injunction is an order from which an appeal lies. The advisory committee notes further explain this unambiguous language by indicating the purpose for defining judgment as any order from which an appeal lies. That's to assure that the opposing party is informed of the claim before the time for appeal has elapsed. Our briefs also cite other relevant portions of the advisory committee notes that further indicate the purpose of the rule is to give an adversary notice both that there will be a claim and at least a fair estimate of its amount so that an adversary can take that information into account when deciding whether or not to appeal a preliminary injunction order. The second point is that the Supreme Court's observation in Soll v. Weiner that a fee request is premature at the preliminary injunction stage should not excuse a party from complying with Rule 54's deadline. Soll did not involve interpretation of Rule 54 and the observation that a fee request is premature at that stage can be reconciled with the language of Rule 54. In particular, the rule has a provision that says a court can order otherwise. The rule the advisory committee notes also refer to situations where a court may want to defer a ruling. Well, what would be the reason for deferring a ruling? It might be because the issue is premature at that stage. But what the rule clearly contemplates is giving an adversary fair notice of a fee request that a fee request is going to be made tied to a tied to an appealable order and at least a fair estimate of the amount so that a party can take that information into account before the time for appeal is expired. The third point, if the language of this rule is so clear, why are there so few reported cases that address the issue raised in this appeal? Well, I would suggest that there's the reason for that is that usually a party, an adversary who is not given notice of a timely fee request can't show prejudice. And there's four categories of cases where that would be the case, I believe. The first would be those cases where a defendant appeals a preliminary injunction order even though not given notice of the fee request within the time for appeal. If the decision for appeal is made anyway, a party is obviously not prejudiced by not having that information. Mr. McCullough, is that the only type of prejudice I saw in your briefing was just knowledge before the deadline for filing a notice of appeal? Is that the sole nature of the fact that the secretary made a decision to improve the law consistent with the public policy recognized in the Supreme Court's decision in Buchanan for basically rejecting a catalyst theory so that we don't want to chill public officials from pursuing positive changes in the law notwithstanding existing litigation. The third type of case where there would not be prejudice is those cases where there is no intervening change in the law that moots the issues raised in a preliminary injunction. And then I think the vast majority of cases where there would not be settlement or a consent decree that wraps up the issue of fees within the global settlement. But this case does not fall into any of those categories. In this case, the secretary did choose to improve the law without notice that there was going to be not only a fee request but a 1.1 fee request in excess of 1.1 million dollars based on just the first seven months of litigation where the only events that really took place was the filing of the complaint. And I don't want to minimize that that may have required some order but it was the filing of the complaint, responding to a motion to dismiss, and filing the motion for certainly the secretary was not on notice that that first seven months of litigation was going to result in a 1.1 million dollar fee request. Well he can request whatever he wants but the judge cut it by 60 percent on account of maybe the suggestion you're implicitly making that it was excessive. Well your honor, the $450,000 was still a huge amount for the taxpayers in North Dakota to pay. But you might have been on notice that that was how much it was worth. Well I know that I gave an estimate when I came on to this case and this was after this fact or after you know the operative events here. I didn't get involved in this case until early 2018 but the $450,000 still exceeded the amount that that I advised my client might be the request that was made. Don't be an expert witness, go ahead. What about excusable neglect on that question? Does uncertainty in the law factor into the analysis of excusable neglect? Well I don't think, I think the uncertainty is in the practice your honor and I think that's driven again by the fact that there are, the majority of cases won't involve a showing of prejudice. I think the lack of excuse, the plain language of the statute should put a party on notice that you know there's no dispute that preliminary injunctions are that rule 54 says what it says. And in this case the presence of prejudice to Secretary Jaeger after he was not given notice within the time for appeal and then chose the path forward that he did clearly prejudiced him once the untimely request was was brought over a year and a half later. How do you factor in the the committee notes that refer to final judgment? Your honor the to the extent that the committee notes and this was in our briefs to the extent that the commit that one reference I think that they that plaintiffs rely upon to final judgment is inconsistent with the rule itself. The case law says that the rule, the language of the rule has to control over the advisory committee notes. Would it speak to, would it speak to Judge Colleton's question about uncertainty in the law for the excusable neglect? Well I think the the the plaintiff's behavior in April 2018 speaks to that. At that point um they there was a another final appealable preliminary injunction order entered and they filed the request for fees at that time saying that they were doing so out of abundance of caution. But that was not appealable by the secretary. The disillusion of the first preliminary injunction was in the secretary's favor. So the abundance of caution that should have been exercised was at the time of the first preliminary injunction order in August of 2016 at a time when it still would have mattered to the secretary to have that notice. And I see that I into cutting into my rebuttal time I would like to reserve some time for rebuttal. Before ending though I would like to call the court's attention to the fifth point, highlight point, and that's the competing public policy interests that are at issue here. One is the public policy discussed in Buchanan that encourages public officials to improve the law without fear of exposure to fee requests even though believing the status quo may not be illegal or unconstitutional. And balanced against that the competing interest is the the interest that the public policy that prevailing party. But in this case favoring the latter over the former would require the court to conclude that that policy favoring fee awards also justifies excusing a party from complying with the clear dictates of rule 54. So our position would be that public officials should not be chilled by the threat of attorney fees before seeking positive changes in the law in the middle of litigation as recognized in Buchanan. And then I'd like to reserve the time for rebuttal. You know you said at one point there are four reasons why you think there's not much case law and I caught three of them. What was your second one? Cases where the lawsuit is litigated to a final judgment that is consistent with the initial preliminary injunction. I see and then you're saying in those cases the defendant doesn't complain about lack of notice? Well there's I don't think I think the defendant could complain about lack of notice. I don't think it would be possible to show prejudice in those situations. Right I see. Okay thank you for your argument. Mr. Leverins we'll hear from you. Thank you your honor and may it please the court. Representing the break bill plaintiffs we ask that this court affirm the district court and I want to start with two things briefly that are not in dispute. First that plaintiffs are prevailing parties entitled to attorney's fees and second that the district court determined the appropriate amount of attorney's fees. Neither of those decisions has been appealed. That leaves only the motions timeliness and the plaintiff's motion was timely. We know that because the advisory committee explained that such a motion is due 14 days after final judgment. Well if that's your best argument then we'd have to disregard the text of the rule in favor of the note and that seems counter to pretty well established authority that the the rule trumps the note. Well I I'll let me speak briefly to the authority that the secretary offers for the fact that the the rule itself completely trumps. He cites this car case out of the fourth circuit but what that court was saying is that when there are two contrary interpretations of the of the committee note that the court adopts the one that is consistent with the rule. It didn't say that you disregard the the committee notes. In fact the U.S. Supreme Court has called and this court on multiple occasions has said that the rule is a reliable source of insight into the meaning. I'm sorry that the committee note is a reliable source of insight into the meaning of the rule. Here you don't have two competing interpretations of the committee note. The committee note is absolutely clear that judgment is due 14 days after or that the motion is due 14 days after final judgment and the committee note then makes repeated references to finality. So it's not just that statement. The committee note throughout contemplates final judgment. More importantly we look to the purpose of rule 54 writ large. Rule 54 writ large the purpose of the rule is to avoid the piecemeal determination of litigation and the secretary's interpretation forces the piecemeal determination of litigation. In our case oh I'm sorry go ahead. Yeah I just wondered do you have any argument though that the plain meaning of the rule doesn't require you to file the motion within 14 days of the preliminary injunction order because that is an appealable I do. I don't think the rule is as clear as the secretary suggests. Entry of judgment is not merely entry of and the word judgment. Entry of judgment is itself a term of art in the federal rules and one that contemplates final judgment. And the fact that almost no one makes this argument and when the argument gets made courts unanimously say that final judgment is what triggers rule 54 I think is is persuasive evidence that at least there is ambiguity in the rule and arguably that our interpretation is the better interpretation of the rule. And the ambiguity is that the phrase entry of judgment might refer only to final judgments even though judgment is defined in the rule to include non-final orders. Yes and let me offer another example of this your honor. Let's say that our motion for preliminary injunction had been denied right that too is an appealable order and what the secretary is suggesting is that we would have had to file a motion for attorney's fees at that stage in the event that we win on the merits because attorney's fees accumulated before the motion would have to be sought at the time of the motion. Let's say this court had affirmed the second preliminary injunction in this case. Mr. Nikolai's interpretation would call for a new motion for attorney's fees in April of 2018 and then another one at the end of final judgment. And although Mr. Nikolai argues for the first time here that a win at final judgment would then sweep in everything that came before it is inconsistent with his suggestion that a motion nevertheless needs to be filed as a make work placeholder even when it cannot be determined. And the other argument within the text of rule 54 that's important is that the deadline is not the only operative part of 54d. 54d 2b little 2 says what the motion must contain and the motion must contain the movement's entitlements to an award of fees. Now at the preliminary injunction stage we were not entitled to attorney's fees. We were not prevailing parties yet. We only became a prevailing parties when the secretary took action to boot out the litigation and the district court dissolved the injunction on those grounds. So this interpretation would require parties to make motions that they cannot prove and that a district court cannot decide in order to serve a notice function that is one of the goals of 54d. Now the secretary repeatedly says that this notice function is the goal of 54d. It's not and separate from the overarching goal of 54 to reduce piecemeal litigation. Another goal specifically of 54d is to allow appeals on attorney's fees at the same time as appeals on the merits. But the secretary's interpretation would not allow that because if our attorney's fees motion is made at the preliminary injunction stage and the motion itself is unripe so at best the court can set it aside or deny it without prejudice then the appeal that he says he might have sought could not have resolved both of those issues. Now when you have two goals within set forth within the rule both of which can be encompassed by one interpretation of the statute but one of the of the rule but one of which is completely thwarted by an interpretation of the rule the better interpretation is the one that encompassed both both of the goals and that is to make the the fee requirement the the trigger for the 54d deadline due at final judgment. Which policy is thwarted by the state's interpretation? The policy of having the attorney's fees motion and the merits motions resolved at the same time. Why why wouldn't this rule work best if the motions were filed within 14 days to serve the notice function but with a request to defer ruling? Why wouldn't that serve all functions? Why isn't that the most practical way to apply this rule? That that is one way to apply the rule and the case that um that the secretary cites cathedral arts medal where the party seemed to be unsure what the to that but as we pointed out in our brief the motion in cathedral arts medal says nothing about the estimated fees in that case which is the notice function the secretary says he's entitled to and in fact a motion to delay the deadline wouldn't necessarily require that um that that showing as the court i was suggesting you would file the motion for fees together with a motion to defer okay and so the motion for fees would have the notice of the amount and so forth and then the deferral motion presumably would cite sole and say at this point it's premature but we have it on file for future decision i i i think that there is something problematic with requiring parties to file motions for which they cannot make the legal showing and and which the court cannot grant there there is just sort of a make work aspect to that but i think that that that process also speaks to the question of excusable neglect your honor because even if the secretary's interpretation is the better interpretation of the rule it is an interpretation that no court has ever enforced against a plaintiff and is contrary to the regular practice uh in this courts in courts around the country to hold you know how do we how do we know this regular practice that's surely not in our record right i have not found and i i think i've done exhaustive research i have not found any case in which a court uh in which a party made their motion at this time and mr nicolai has not cited one so i i think that this court well that was that was an issue in the sole case itself right because the supreme court said we're not going to express a view about whether preliminary injunction without with without a final judgment would authorize award of fees you may know that's right in the in the sole case so it must be happening somewhere if the supreme court's talking about it but but let's get to a more important point with your time running down which is simply this yes i i thought reading all this boy the easy way around this is is of course the the excusable neglect angle but goodness gracious the district court does one sentence we have cases that say that uh there are four factors to consider you know where i'm going with this so tell tell me why to do excusable neglect public policy and and there's there's there's even an argument that there are rules in the federal rules that override 54 leaving the court to do justice but but shouldn't the court have to do more than one sentence well this court can affirm on any ground supported by the record so even if the district court had not mentioned excusable neglect at all this court could have affirmed on that ground the record although the the district court doesn't articulate this in that sentence the record shows that the authority directly in support of his interpretation while contrary authority existed that the that the plaintiffs could have and did rely on uh and the secretary put no evidence whatsoever of the prejudice that he suggests he says that the secretary that this is the reason the secretary chose not to appeal but he entered no evidence to that effect and the representations of council in serving representations of council are not evidence for this court the fact is the district court on that first preliminary injunction kicked them around said that they submitted no evidence whatsoever in support of their statute which is true and that their statute had no fail state which is true it was patently unconstitutional and the secretary chose not to appeal it now for him to come back now and say well the reason we didn't appeal it is we didn't think you were going to come for attorney's fees when our complaint said we're coming after you for attorney's fees is not something that this court can rely on to find prejudice uh i i don't just be sure i understand you clearly there are no affidavits attached to anything in the district court we'll see about this issue none whatsoever what's the distinction between representations of council and self-serving representations of council well as an attorney i would say i would never enter a self-serving group but uh the the point being maybe duty of law but you should proceed with your argument right that he's come up with a post-hoc rationale your honor and the last thing i would point to the the competing public policies here again on one side you had a statute that had already disenfranchised thousands of north dakota voters with absolutely no failsafe that a court had unquestionably found to be unconstitutional and that the secretary did not appeal now we have a voting rights statute that says when a plaintiff brings such a claim they can recover attorney's fees and you have fees a motion that was made consistent with the only case law we have on this question the other competing notice is to say that the secretary should not have to pay for this mistake that he made and while four hundred thousand dollars sounds like a lot of money and it certainly is to plaintiffs who have to bring this sort of litigation which requires extensive expert reports the types of claims we brought are by their nature extensive claims that the secretary should be spared from spending three one thousandths of one percent of the state budget to cover his mistake the competing public policy there i think clearly favors vindicating what the voters spent to defend their rights all right thank you for your argument mr leverance uh mr nick live we'll hear from you in rebuttal thank you your honor i just uh i didn't hear any arguments that opposing council made today that aren't uh already addressed in in this the secretary's reply brief just like to to cover a number one the language of rule 54 if it was only a final judgment that triggered the deadline then the rule could just say that the deadline is triggered by a final judgment it doesn't say that it says that it's triggered by any order from which an appeal lies the argument about the the magic of the word entry of judgment as referring only to a final judgment there's final judgment this court and we cited the number of examples in our reply brief of situations where the word entry is also tied to an order and here we have a final appealable order with respect to the entitlement argument that they're that they couldn't bring the their claim until it was conclusively determined or make it make satisfy the notice requirement to the rule until it was conclusively determined that they were entitled to a fee that argument is dressed by this court in the paris school versus harter case which said that no that that's not the case the a party doesn't have to wait until it's conclusively determined before they can make their fee request and the the absurdity of that position is is best illustrated by all those situations where whether the status of prevailing party and the fee request are addressed at simultaneously in the same in the same motion the argument that this would just make work practice by requiring this no it serves an important function it gives as judge colleton pointed out the best way to view this is that party can comply with rule 54 is clear mandate give the adversary notice and then request a deferred ruling and if that happens and if they don't disclose the amount of the fee request in response to that request for deferred ruling an adversary could say okay we don't object to that we agree that it's premature to decide at this point but court at least require them to give us a fair estimate of the amount that they're going to claim and then the adversary be on notice that a fee request is going to be made i'm not aware of any cases that say regular practice justifies not complying with the plain language of a rule and if you look at the two cases the dow guard case and the consolidated paving case the analysis in those cases is pretty weak in dow guard it just says the traditional judgment needed for a triggering event for filing a motion for attorney's fees has not occurred there's no there's there's no analysis beyond that that says that addresses rule 54's language it says the triggering event is in any order from which an the analysis and consolidated paving is is equally deficient i see that my time has expired i would ask the court to reverse the district court because the secretary was prejudiced by the untimely fee request that was made in this case very well thank you for your argument thank you to both counsel the case is submitted and the court will file an opinion in due course